CULPEPPER, Judge.
This tort action arises out of a collision between an automobile driven by the plaintiff, Rev. Rigouts, and a large truck and van-type trailer owner and driven by the defendant, Larkan. The trial judge denied plaintiffs’ demands and held in favor of the defendant on his reconventional demand for damages. Plaintiffs now prosecute this appeal.
At the locus of the accident this two lane highway is of blacktop construction approximately 19½ feet in width, with a white line painted down the center. Going north, the direction in which Rev. Rigouts was driving, the highway turns to the right and then goes straight and downgrade a distance of about 300 yards to Monette Ferry Bridge. The bridge itself is long and high but actually is 20 feet wide. It was about 2:55 p. m. on November 5, 1958. The road was wet and it was misting rain.
Plaintiff testified that he passed the curve and saw the truck approaching the other *49 end of the bridge; that as the track came across the bridge it was in the middle of the highway; that plaintiff suddenly realized he had insufficient space to pass between the truck and the side of the bridge; that he had no alternative but to try to stop his car before entering the bridge; that he applied his brakes hard but due to the wet pavement and his worn tires he skidded and swerved; that he applied his brakes and swerved in this manner once or twice and then the last time he swerved he “was heading straight toward the truck”; that at the time of the collision the truck was still in the middle of the road; that the left front portion of his automobile struck the left rear wheels of the trailer.
The defendant and his wife, who was in the cab of the truck with him, testified that as they entered the bridge they may have been across the center line of the highway but by the time they reached the center of the bridge, the truck was in its proper lane; that when they saw plaintiff swerve the first time, they were about in the center of the bridge, and they moved into their right-hand lane as far as possible; that the truck is 7⅝⅜ feet in width and was completely in its proper lane; that when the entire truck and trailer had cleared the bridge by 30 or 40 feet, the rear end of plaintiff’s automobile swerved across the center line of the highway and struck the left rear wheels of the truck tractor, causing the left front of plaintiff’s automobile to swing to the left and strike the wheels on the rear of the trailer. Mr. Larkan testified that he found a dent on the left rear of plaintiff’s automobile and a piece of paint on the left rear wheel of his truck tractor to substantiate his version of the accident.
The state trooper who investigated the accident could find no skid marks, debris or other physical evidence to indicate in which lane of traffic the point of impact was located. However, he did find the dent on the left rear of plaintiff’s automobile and he found paint, the same color as the paint on the Rigouts’ car, on the left rear wheel of the truck tractor, which evidence of course substantiates defendant’s version of the accident.
On the other hand, plaintiff’s witness, Mrs. Tabb, testified that as she was traveling south some distance from the bridge, the Larkin truck passed her; that she saw the truck crossing the bridge in the center of the highway; that she saw plaintiff’s automobile coming down the hill applying its brakes, trying to stop, and “dancing in the highway”, but did not see it cross the line. Mrs. Tabb testified that at the time of the collision the truck was still over the center line of the highway.
In resolving this conflict in the testimony, the trial judge held in a written opinion as follows:
“In my opinion the proximate cause of this accident was the failure of the plaintiff to reduce the speed of his car at the time he saw this big truck entering the bridge. He was coming down hill at the time on a wet asphalt road and had he approached the situation that confronted him with caution there would have been no accident. Instead he drove too close too fast and he sought to belatedly slow down, it was too late and his car swerved into the truck. Having found plaintiff guilty of such negligence as to be the proximate cause of the accident, I now proceed to award damages shown to defendant.”
In this court, counsel for the plaintiff argues that the trial judge has completely ignored the testimony of Mrs. Tabb corroborating Rev. Rigouts, that the truck was on the wrong side of the highway up until the time of the impact. Plaintiff argues that in any event, a clear preponderance of the evidence shows that even though the truck tractor may have gained its right side of the road by the time of the impact, the trailer was still in Rev. Rigouts’ lane of traffic. Plaintiff argues further that even accepting defendant’s version of the accident, the defendant’s negligent driving in *50 the center of the highway, while on the bridge, created an emergency compelling Rev. Rigouts to try to stop his automobile, which he did in a reasonable and prudent manner.
Our answer to these arguments is that the trial judge who saw and heard the witnesses and knows well the locus of the accident, obviously gave little weight to the testimony of Mrs. Tabb and Rev. Rigouts. Whatever his reason, we cannot find sufficient grounds in this record to hold that he was manifestly erroneous in accepting the defendant’s, rather than the plaintiff’s version of the accident. Although the number of witnesses on each side is not conclusive, we note that the witnesses here are evenly divided, i. e., Mr. Larkan and his wife testified positively they were on their right side of the highway from the time they passed the center of the bridge, while the plaintiff and Mrs. Tabb testified to the contrary. The state trooper could not testify as to the location of the point of impact, but he did corroborate defendant’s version of the accident that the rear end of plaintiff’s automobile first swerved into the truck tractor. We can find no manifest error of fact.
The plaintiff was obviously negligent in swerving into and striking the truck on its side of the highway. The defendant was not negligent. He was traveling at a legal and reasonable rate of speed on his own side of the highway at least from the time he passed the center of the bridge. Plaintiff may not have thought so, but actually he had ample room to pass the truck on the bridge. Therefore, no emergency was created requiring plaintiff to stop.
In view of our conclusion that the collision was caused solely by the negligence of the plaintiff, and that the defendant was free of negligence, it is unnecessary to discuss the issue as to whether defendant, by simply filing a reconventional demand, has properly pleaded contributory negligence on the part of plaintiff.
Furthermore, we find no error in the trial court’s assessment of damages.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs appellants.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.